# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

VINCENT QUINTANA,

Plaintiff,

v.

COSTCO WHOLESALE
CORPORATION; and DOES 1 to 50,

Defendants.

Case No.:  3:25-cv-01845-H-MMP

**ORDER GRANTING MOTION TO SUBSTITUTE PARTY AS PLAINTIFF**

[Doc. No. 12; 13.]

On January 29, 2026, counsel for Plaintiff Vincent Quintana filed an amended motion to substitute party on behalf of Angelica Quintana Britt ("Ms. Quintana Britt"). (Doc. No. 13.)  Ms. Quintana Britt seeks to be substituted as the Plaintiff in this case under Federal Rule of Civil Procedure 25(a) following Plaintiff's passing on October 13, 2025. (Doc. No. 13.)  Ms. Quintana Britt asserts that she is the proper party to substitute Plaintiff as either the estate's trustee, sole surviving beneficiary, or personal representative of Plaintiff's estate.  (Doc. No. 13.)  For the reasons below, the Court GRANTS the motion to substitute party.

/ / /

/ / /

/ / /

/ / /

1

**Background**

On or around July 15, 2022, Plaintiff alleges that he suffered injuries when he slipped and fell on the premises of the Costco retail store located in La Jolla, California. (Doc. No. 1, Notice of Removal, ¶ 19.) Plaintiff asserts claims against Defendant for premises liability and negligence. (Doc. No. 1, Notice of Removal, Ex. A.) Plaintiff seeks damages for general damages, medical expenses, and loss of earnings. (Doc. No. 1, Notice of Removal, ¶ 1.)

On July 8, 2024, Plaintiff Vincent Quintana commenced this action against Defendant Costco Wholesale Corp. ("Costco") in the Superior Court of California, County of San Diego. (Doc. No. 1, Notice of Removal, Ex. A.) On April 22, 2025, Plaintiff served Defendant with the summons and complaint. (Doc. No. 1, Notice of Removal, ¶¶ 2–3.) On May 22, 2025, Defendant filed and served its answer to the complaint. (Doc. No. 1, Notice of Removal, ¶ 4.) On June 28, 2025, Plaintiff's interrogatory responses informed Defendant that Plaintiff alleges more than $75,000 in damages against Defendant. (Doc. No. 1, Notice of Removal, ¶ 9.) On July 18, 2025, Defendant removed this action to the Southern District of California under 28 U.S.C. § 1446(b)(3), asserting diversity jurisdiction under 28 U.S.C. § 1332. (Doc. No. 1, Notice of Removal.)

On October 13, 2025, Plaintiff Vincent Quintana passed. (Doc. No. 13, Ex. 1.) On January 16, 2026, Plaintiff filed a motion to substitute Ms. Quintana Britt as Plaintiff. (Doc. No. 12.) On January 29, 2026, Plaintiff filed an amended motion. (Doc. No. 13.) Defendant did not file an opposition. On March 5, 2026, the Court took Ms. Quintana Britt's motion for substitution under submission. (Doc. No. 17.)

**Discussion**

**I.    Legal Standard**

Federal Rule of Civil Procedure 25(a)(1) provides:

If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by

2

any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). A motion to substitute under Rule 25(a)(1) therefore "requires the Court to consider whether: (1) the motion is timely; (2) the claims pled in the case have been extinguished; and (3) the person being substituted is a proper party." Christopher W. v. King, 2025 WL 417936, at *2 (S.D. Cal. Feb. 6, 2025); Renee S. v. O'Malley, 2024 WL 2980781, at *1 (S.D. Cal. June 13, 2024). If the requirements of Rule 25(a)(1) are met, "[t]he substituted party steps into the same position as [the] original party." Hilao v. Est. of Marcos, 103 F.3d 762, 766 (9th Cir. 1996).

## II. Application

Plaintiff argues that substitution of Ms. Quintana Britt is proper because the motion is timely, the cause of action survives Plaintiff's death under applicable state law and federal procedure rules, and Ms. Quintana Britt is the daughter and legal successor of Plaintiff. (Doc. No. 13.)

### A. Timeliness

Rule 25(a)(1) states that a motion for substitution must be made "within 90 days after service of a statement noting the death." Fed. R. Civ. P. 25(a)(1). The Ninth Circuit has read Rule 25(a)(1) to "require[] two affirmative steps in order to trigger the running of the 90 day period." Barlow v. Ground, 39 F.3d 231, 233 (9th Cir. 1994). First, "a party must formally suggest the death of the party upon the record." Id. Second, "the suggesting party must serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute." Id.

Ms. Quintana Britt has timely filed this motion for substitution. By attaching the death certificate to the present motion, Ms. Quintana Britt "formally suggest[ed] the death of the party upon the record." (Doc. No. 13, Ex. 1); Schalow v. San Bernardino County, 191 F.3d 461, 461 (9th Cir. 1999) (holding that the 90-day period began to run when

Plaintiff filed a motion to substitute).  Ms. Quintana Britt's declaration also establishes that there are no parties who possess a superior right to that of Ms. Quintana Britt and that all other potential successors in interest have either consented to her substitution or waived their interest in the action.  (Doc. No. 13, Decl. of Angelica Quintana Britt.)  Because the two requirements for Rule 25(a)(1) were satisfied simultaneously with the filing of the motion for substitution, the motion is within the 90-day time frame and thus timely.  (Doc. No. 13, Ex. 1.)

### B. Survival of the Claim

Rule 25(a)(1) allows substitution of a party only when a plaintiff's "claim is not extinguished" by their death.  Fed. R. Civ. P. 25(a)(1).  Furthermore, the law of the forum state determines whether a cause of action survives or is extinguished upon the death of the party.  See 42 U.S.C. § 1988(a); see also Gutierrez v. Discount Gold Brokers, Inc., 2020 WL 7247318, at *1 (C.D. Cal. Feb. 25, 2020).

Plaintiff's claims of negligence and premises liability survive his death.  California's survivorship provisions in Sections 377.20–377.22 of the California Code of Civil Procedure ("Civil Code") provide that "[e]xcept as otherwise provided by statute, a cause of action for or against a person is not lost by reason of the person's death . . ." Cal. Code Civ. P. §§ 377.20–377.22.  Plaintiff brings tort claims arising under California law.  (Doc. No. 1, Notice of Removal, Ex. A.)  Plaintiff seeks general damages, medical expenses, and loss of earnings against both Defendant and unknown Doe Defendants.  (Doc. No. 1, Notice of Removal, Ex. A.)  No statutory exceptions apply to Plaintiff's claims.  As a result, Plaintiff's claims survive his death.

### C. Proper Party

In diversity cases, courts look to state law to determine the "proper party" under Rule 25(a)(1).  Fox v. City of Tulare, 2014 WL 897040, at *6 (E.D. Cal. Mar. 5, 2014) (citing In re Baycol Products Litig., 616 F.3d 778, 785 (8th Cir. 2010)).  Under the Civil Code, a decedent's personal representative or successor in interest can move to continue a pending action or proceeding on behalf of the decedent.  Cal. Code Civ. P. § 377.31.  The

Civil Code elaborates that a "decedent's successor in interest" is the "beneficiary of the decedent's estate" or the "successor in interest who succeeds to a cause of action . . ." Cal. Code Civ. P. § 377.11.  The Civil Code further requires the successor in interest to attest to certain affirmative statements in a declaration and to attach the decedent's death certificate to the filing.  Cal. Code Civ. P. §§ 377.32(a)–(c).

Ms. Quintana Britt has demonstrated that she is a proper party for substitution. Vincent Quintana's last will and testament provides that "any decisions or financial matters" passed to Ms. Quintana Britt.  (Doc. No. 12, Ex. 2.)  Ms. Quintana Britt asserts that she is the "sole successor in interest" to this action.  (Doc. No. 13, Decl. of Angelica Quintana Britt.)  Ms. Quintana Britt's attached declaration also satisfies the statutory requirements of Civil Code Section 377.32.  (Doc. No. 13, Decl. of Angelica Quintana Britt.)  Accordingly, Ms. Quintana Britt is a proper party for substitution.

## Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion for substitution. (Doc. No. 12; Doc. No. 13.)

**IT IS SO ORDERED.**

DATED: March 5, 2026

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

3:25-cv-01845-H-MMP